**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| CURTIS BOULWARE #311610 | * |  |
| Plaintiff | * |  |
| v | * | Civil Action No. WMN-09-2180 |
| ISAIAS TESSEMA, et al. | * |  |
| Defendants | * |  |

*** 

## MEMORANDUM

Counsel for the Division of Correction was directed to show cause why Plaintiff's request for injunctive relief should not be granted. The response has been construed as a Motion for Summary Judgment. Papers No. 9 and 10. Plaintiff opposes the motion. Paper No. 12. For the reasons set forth below, the motion shall be granted.

## Background

The instant complaint was filed on Plaintiff's behalf by a fellow inmate, Winifred Witherspoon. Paper No. 1 at p. 1. He alleges that Plaintiff 's life is in imminent danger, that he is dying, and that he suffers from mental retardation, HIV, and hepatitis. *Id*. He states that Plaintiff's health is deteriorating because Defendants have refused to provide him with proper treatment. *Id*. Specifically, he claims medical care providers refused to address his complaints regarding the HIV medication causing vomiting, abdominal pain, loss of appetite, weight loss, headaches, and rash. *Id*. at p. 2. He further states he requested to see a specialist at Johns Hopkins Hospital to address his intolerance for the HIV medications, but his request was denied. *Id*. Plaintiff seeks monetary damages as well as injunctive relief.

Records submitted by Defendants establish Plaintiff is not mentally retarded.[1] He suffers from a psychiatric disorder (bipolar) as well as HIV, and Hepatitis, but he is not dying. Paper No. 9. Shortly after Plaintiff's February 2009 transfer to the Correctional Mental Health Center in Jessup (CMHCJ), he began complaining that nurses were letting his medications run out. *Id.* at Ex. 3, p. 9. Medical staff noted that Plaintiff was being offered his medications on a daily basis but he was refusing to take them. *Id*. In June 2009, Plaintiff developed a rash which was treated by medical staff. He complained that he had blood in his stool and was coughing up mucous, but refused to be seen by a nurse for his complaints. Although he complained several times that he was not receiving the proper high calorie diet and that he was losing weight, he either refused to be seen by the nurses or did not show up for sick call. *Id*. at Ex. 3 and 4. On those occasions when he did show up for a medical exam, no significant changes in weight were noted. *Id*. at Ex. 2, pp. 3 and 8.

Indeed it appears that Plaintiff's refusal to comply with medications offered, together with other disruptive anti-social behavior[2], prompted his transfer to CMHCJ. *Id*. at Ex. 5, pp. 29 – 60. Defendants deny Plaintiff's allegation that he was put on the special management meal known as "segregation loaf" from February to March, 2009, and deny placing him in a contingency cell. *Id*. at Ex. 6 and 7. In addition, they deny disclosing his HIV status to other inmates.

## **Standard of Review**

---

[1] Plaintiff appears to abandon this allegation in his Response in Opposition in which he declares himself "competent to testify" and does not mention the mental handicap stated in his Complaint. Paper No. 12.

[2] Defendants indicate that in addition to being non-compliant with medication, Plaintiff became loud and angry with staff and threatened to throw feces at them; masturbated during blood pressure checks; and threatened to go on hunger strikes. This behavior prompted his placement on close observation status. When he began refusing to eat, exhibiting an apathetic attitude, and voicing high frustration he was transferred to CMHCJ. Paper No. 9 at Ex. 5.

Summary Judgment

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its]

3

pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

<u>Injunctive Relief</u>

As a preliminary injunction affords an extraordinary remedy prior to trial relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008). The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co*., 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in *Winter* governs the issuance of such emergency relief. *See Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342 (4th Cir. 2009).

<u>Analysis</u>

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care Plaintiff must demonstrate that the actions of the Defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, Plaintiff was suffering from a serious medical need and

that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer*, 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000), *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

To be certain, Plaintiff has more than one serious medical condition requiring ongoing medical care. Defendants, however, have provided Plaintiff with medication, dietary changes, and the opportunity to comply with medical orders to treat his illnesses. His non-compliance with medical directives is well documented. *See* Paper No. 9 at Ex. 4. His allegation that his

5

illness may be treated more effectively at another outside facility is simply an insufficient basis for a finding of deliberate indifference to a serious medical need.  Mere disagreement with the treatment provided is not a basis for an Eighth Amendment violation.

Plaintiff's Response in Opposition simply restates the allegations raised in the complaint, offering few, if any, details regarding his claims.  Paper No. 12.  For example, he claims Defendants have "acted with deliberate indifference to his serious medical needs since 2005" without providing dates or descriptions of instances where his serious medical needs were ignored.  Id. at p. 3.  In short, Plaintiff's Response is conclusory and offers no evidence to refute Defendants' affidavits and verified business records which establish that it was Plaintiff's own refusal to cooperate with staff that has stood in the way of ongoing medical care for his serious medical needs. The Eighth Amendment claim must fail.

Likewise, Plaintiff has failed to establish that he is likely to suffer irreparable harm absent injunctive relief because he has failed to rebut Defendants' evidence that he has been given essential medical care.  His request for injunctive relief shall be denied.

A separate Order follows.

/s/

 11/12/09   
Date

William M. Nickerson  
United States District Judge